IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


**TANYA SILVA**,

      **Plaintiff,**

vs.                                                   Cause No. 2:15-CV-01046 LAM/SMV

**BOARD OF COUNTY COMMISSIONERS
FOR THE COUNTY OF ROOSEVELT** and the
**ROOSEVELT COUNTY ADULT DETENTION CENTER**;
**DAVID CASINOVA**, Former Administrator of the
ROOSEVELT COUNTY DETENTION CENTER
for the BOARD OF COUNTY COMMISSIONERS
FOR ROOSEVELT COUNTY, in his individual and official capacities;
**DREW WHITE,** a correctional officer employed by
BOARD OF COUNTY COMMISIONERS FOR THE
COUNTY OF ROOSEVELT at THE ROOSEVELT
COUNTY ADULT DETENTION CENTER, in his individual capacity;
**CAMERON RIDENOUR**, correctional officer employed by
BOARD OF COUNTY COMMISIONERS FOR THE
COUNTY OF ROOSEVELT at THE ROOSEVELT
COUNTY ADULT DETENTION CENTER, in his individual capacity;
**DIVINE ALCANZO**, correctional officer employed by
BOARD OF COUNTY COMMISIONERS FOR THE
COUNTY OF ROOSEVELT at THE ROOSEVELT
COUNTY ADULT DETENTION CENTER, in his individual capacity;
JANE-JOHN DOES 1-5, Correctional officers employed by
BOARD OF COUNTY COMMISIONERS FOR THE
COUNTY OF ROOSEVELT at THE ROOSEVELT
COUNTY ADULT DETENTION CENTER, in each of their
individual capacities; and
JANE-JOHN DOES 6-10, medical providers at RCADC,
including both natural and corporate "person," each in their individual capacities,

      **Defendants,**

**COUNTY DEFENDANTS' FIRST AMENDED ANSWER TO
PLAINTIFF'S FIRST AMENDED COMPLAINT FOR THE RECOVERY
OF DAMAGES CAUSED BY THE DEPRIVATION OF CIVIL RIGHTS**

**COME NOW** Defendants, Board of County Commissioners for the County of Roosevelt, Roosevelt County Adult Detention Center, Cameron Ridenour, Divine Alcanzo, David Casanova, and Drew White (collectively, "County Defendants"), by and through their attorneys of record, Brennan & Sullivan, P.A., pursuant to Fed. R. Civ. P. 15(a)(1)(A), for their First Amended Answer to Plaintiff's First Amended Complaint for the Recovery of Damages Caused by the Deprivation of Civil Rights states as follows:

1. In paragraph 1 of the Complaint, Plaintiff has set forth a legal conclusion for which no response is required.

2. In paragraph 2 of the Complaint, Plaintiff has set forth a legal conclusion for which no response is required.

3. County Defendants are without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 3 of the Complaint.

4. In answer to paragraph 4 of the Complaint, County Defendants admit the allegation that the County of Roosevelt is a governmental entity within the State of New Mexico. The remaining allegations in this paragraph are legal conclusions for which no response is required.

5. In answer to paragraph 5 of the Complaint, County Defendants admit that the detention center is an agency of the County. The remaining allegations in this paragraph are legal conclusions for which no response is required.

6. In answer to paragraph 6 of the Complaint, County Defendants admit that David Casanova was the director of the detention center. The remaining allegations in this paragraph are legal conclusions for which no response is required.

7. In answer to paragraph 7 of the Complaint, County Defendants deny the allegations contained in the first sentence of this paragraph. The remaining allegations are legal conclusions for which no response is required.

8. In answer to paragraph 8 of the Complaint, County Defendants deny the allegations contained in the first sentence of this paragraph. The remaining allegations are legal conclusions for which no response is required.

9. In answer to paragraph 9 of the Complaint, County Defendants admit the allegations that Defendant Divine Alcanzo was employed as a booking officer. The last two sentences in this paragraph are legal conclusions for which no responses are required. County Defendants deny all remaining allegations in this paragraph.

10. County Defendants are without sufficient knowledge or information to from a belief as the allegations contained in paragraph 10 of the Complaint.

11. County Defendants are without sufficient knowledge or information to from a belief as the allegations contained in paragraph 11 of the Complaint.

12. County Defendants are without sufficient knowledge or information to from a belief as the allegations contained in paragraph 12 of the Complaint.

13. County Defendants admit the allegations contained in paragraph 13 of the Complaint.

14. County Defendants admit the allegations contained in paragraph 14 of the Complaint.

15. County Defendants are without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 15 of the Complaint.

16. County Defendants are without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 16 of the Complaint.

17. County Defendants admit the allegations contained in paragraph 17 of the Complaint.

18. County Defendants are without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 18 of the Complaint.

19. County Defendants deny the allegations contained in paragraph 19 of the Complaint.

20. County Defendants admit the allegations contained in paragraph 20 of the Complaint.

21. County Defendants are without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 21 of the Complaint.

22. In answer to paragraph 22 of the Complaint, County Defendants admit that detainees have leg chains, belly bands, and their hands secured during transportation. County Defendants denies the remaining allegations in this paragraph.

23. County Defendants deny the allegations contained in paragraph 23 of the Complaint.

24. County Defendants deny the allegations contained in paragraph 24 of the Complaint.

25. County Defendants deny the allegations contained in paragraph 25 of the Complaint.

26. County Defendants are without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 26 of the Complaint.

27. County Defendants deny the allegations contained in paragraph 27 of the Complaint.

28. County Defendants deny the allegations contained in paragraph 28 of the Complaint.

29. County Defendants are without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 29 of the Complaint.

30. County Defendants are without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 30 of the Complaint.  However, County Defendants deny that the stool collapsed or broke.

31. County Defendants admit that Plaintiff fell, but is without sufficient knowledge or information to form a belief as to the remaining allegations contained in paragraph 31 of the Complaint.

32. County Defendants deny the allegations contained in paragraph 32 of the Complaint.

33. County Defendants deny the allegations contained in paragraph 33 of the Complaint.

34. County Defendants deny the allegations contained in paragraph 34 of the Complaint.

35. County Defendants deny the allegations contained in paragraph 35 of the Complaint.

36. County Defendants deny the allegations contained in paragraph 36 of the Complaint.

37. County Defendants are without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 37 of the Complaint.

38. County Defendants deny the allegations contained in paragraph 38 of the Complaint.

39. County Defendants deny the allegations contained in paragraph 39 of the Complaint.

40. County Defendants deny the allegations contained in paragraph 40 of the Complaint.

41. County Defendants deny the allegations contained in paragraph 41 of the Complaint.

42. County Defendants deny the allegations contained in paragraph 42 of the Complaint.

43. County Defendants are without sufficient knowledge to form a belief as to what Plaintiff's "information and belief" are with respect to the allegations in paragraph 43 of the Complaint.

44. County Defendants are without sufficient knowledge to form a belief as to what Plaintiff's "information and belief" are with respect to the allegations paragraph 44 of the Complaint.

45. County Defendants deny the allegations contained in paragraph 45 of the Complaint.

46. County Defendants deny the allegations contained in paragraph 46 of the Complaint.

47. County Defendants are without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 47 of the Complaint.

48. County Defendants are without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 48 of the Complaint.

## COUNT I: VIOLATION OF SUBSTANTIVE DUE PROCESS

In response to Plaintiff's restatement of the allegations, County Defendants reassert their answers and defenses as stated herein.

49. In paragraph 49 of the Complaint, Plaintiff has set forth a legal conclusion for which no response is required.

50. County Defendants deny the allegations contained in paragraph 50 of the Complaint.

51. County Defendants deny the allegations contained in paragraph 51 of the Complaint.

52. County Defendants deny the allegations contained in paragraph 52 of the Complaint.

53. County Defendants deny the allegations contained in paragraph 53 of the Complaint.

54. County Defendants deny the allegations contained in paragraph 54 of the Complaint.

55. County Defendants deny the allegations contained in paragraph 55 of the Complaint.

56. County Defendants deny the allegations contained in paragraph 56 of the Complaint.

57. County Defendants deny the allegations contained in paragraph 57 of the Complaint.

58. County Defendants deny the allegations contained in paragraph 58 of the Complaint.

## COUNT II: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

In response to Plaintiff's restatement of the allegations, County Defendants reassert their answers and defenses as stated herein.

59. In paragraph 48 of the Complaint, Plaintiff has set forth a legal conclusion for which no response is required. County Defendants note that this paragraph is actually the 59th paragraph of the Complaint, but is mis-numbered.

60. County Defendants deny the allegations contained in paragraph 50 of the Complaint. County Defendants note that this paragraph is actually the 60th paragraph of the Complaint, but is mis-numbered.

61. County Defendants deny the allegations contained in paragraph 53 of the Complaint. County Defendants note that this paragraph is actually the 61st paragraph of the Complaint, but is mis-numbered.

## COUNT III: *MONELL* CLAIM UNDER 42 U.S.C. § 1983 RESULTING IN THE DEPRIVATION OF CIVIL RIGHTS MUNICIPAL LIABILITY

In response to Plaintiff's restatement of the allegations, County Defendants reassert their answers and defenses as stated herein.

62. In paragraph 59 of the Complaint, Plaintiff has set forth a legal conclusion for which no response is required.

63. County Defendants deny the allegations contained in paragraph 60 of the Complaint.

64. County Defendants deny the allegations contained in paragraph 61 of the Complaint.

65. County Defendants deny the allegations contained in paragraph 62 of the Complaint.

66. County Defendants deny the allegations contained in paragraph 63 of the Complaint

67. County Defendants deny the allegations contained in paragraph 64 of the Complaint.

68. County Defendants deny the allegations contained in paragraph 65 of the Complaint.

69. County Defendants deny the allegations contained in paragraph 66 of the Complaint.

70. County Defendants deny the allegations contained in paragraph 67 of the Complaint.

## DAMAGES

71. County Defendants deny the allegations contained in paragraph 71 of the Complaint.

## JURY DEMAND

72. In answer to paragraph 72 of the Complaint, Plaintiff has set forth a legal conclusion for which no response is required.

## REQUESTED RELIEF

County Defendants deny the allegations contained in paragraphs A, B, C, and D of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim for which relief can be granted.

### SECOND DEFENSE

Plaintiff is not entitled to punitive damages against County Defendants in their official capacities.

### THIRD DEFENSE

Plaintiff's Complaint is brought in bad faith and without merit, and County Defendants are entitled to attorneys' fees and costs as prevailing parties under 29 U.S.C. Section 794a(b) and 42 U.S.C. Section 1988.

### FOURTH DEFENSE

To the extent Plaintiff has failed to mitigate damages, she is thereby barred or reduced in any recovery.

### FIFTH DEFENSE

At all times material hereto Defendants have acted in good faith.

### SIXTH DEFENSE

Plaintiff is not entitled to punitive damages against any defendant as none acted willfully, recklessly or engaged in any grossly negligent conduct in disregard of Plaintiff's rights.

### SEVENTH DEFENSE

Plaintiff's damages were the result of an independent, intervening cause occurring subsequent to any negligence alleged on the part of the County Defendants.

### EIGHTH DEFENSE

The accident as set forth in Plaintiff's Complaint occurred without the intentional conduct of any party.

### NINTH DEFENSE

Based upon allegations contained in the Complaint, the individual Defendants are entitled to qualified immunity.

## TENTH DEFENSE

To the extent Plaintiff's condition was pre-existing, she is thereby limited in recovery to an aggravation thereof.

## ELEVENTH DEFENSE

Some or all of Plaintiff's claims are barred by the Statute of Limitations.

## TWELFTH DEFENSE

Plaintiff's claim for punitive damages is barred by the Constitution of the United States of America, the Constitution of the State of New Mexico, and the New Mexico Tort Claims Act.

**WHEREFORE**, County Defendants request that Plaintiff's Complaint be dismissed with prejudice, for costs of suit, and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

BRENNAN & SULLIVAN, P.A.

By: */s/ Christina L. G. Brennan*
Christina L. G. Brennan
James P. Sullivan
128 East DeVargas
Santa Fe, New Mexico 87501
(505) 995-8514
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 18th day of March, 2016, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Anna C. Martinez, Esq.
Aequitas Law, LLC
Post Office Box 25304
Albuquerque, NM  87125
505-750-8005
anna@aequitas.pro
    and
Joseph M. Romero, Esq.
Post Office Box 27579
Albuquerque, NM  87125-7579
joe@romerolawnm.com
*Attorneys for Plaintiffs*

                    By:    */s/ Christina L. G. Brennan*
                             Christina L. G. Brennan