IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TANYA SILVA,

    Plaintiff,

v.                                             No. 15-cv-1046 MCA/SMV

**BOARD OF COUNTY COMMISIONERS
FOR THE COUNTY OF ROOSEVELT,
ROOSEVELT COUNTY ADULT DETENTION CENTER,
DAVID CASINOVA, DREW WHITE,
CAMERON RIDENOUR, DIVINE ALCANZO,
JANE-JOHN DOES 1-5, AND JANE-JOHN DOES 6-10,**

    Defendants.

### ORDER GRANTING DEFENDANTS' MOTION TO COMPEL DISCOVERY

THIS MATTER is before the Court on Defendants' Motion to Compel Discovery [Doc. 30], filed October 17, 2016. Plaintiff responded on November 3, 2016. [Doc. 31]. Defendants replied on November 14, 2016. [Doc. 40]. Defendants filed a surreply on December 6, 2016. [Doc. 46]. The Court heard argument from the parties at a hearing on the motion on December 12, 2016. Having considered the briefing, the parties' argument at the hearing, the relevant law, and being otherwise fully advised in the premises, the Court finds that the motion is well-taken and should be **GRANTED**.

In their Motion to Compel, Defendants request that the Court order Plaintiff to "answer interrogatories without objection, respond to requests for production without objection, deem Requests for Admission numbered [1–9 and 11–14] admitted, and deem Request for Admission number 10 denied." [Doc. 30] at 3. In response, Plaintiff asserted that discovery answers would be served by November 4, 2016. [Doc. 31] at 2. In their reply, Defendants state that, on

November 11, 2016, they received discovery via email but not via U.S. Mail, though Plaintiff represented to the Court that discovery was served on November 4, 2016, via U.S. Mail. [Doc. 40] at 2. Defendants request that the Court dismiss Plaintiff's case as a discovery sanction. *Id.* at 2–3. In their surreply, Defendants state that they received Plaintiff's written discovery, via email, on November 11, 2016. [Doc. 46] at 2. They note, however, that Plaintiff failed to answer interrogatories 24 and 25. *Id.* At the hearing on December 12, 2016, counsel for Plaintiff stated that Plaintiff has now supplied answers to interrogatories 24 and 25.

The discovery dispute at issue has already been resolved but for Plaintiff's provision of a verification page accompanying the answers to interrogatories 24 and 25 and Defendants' request for sanctions, including dismissal of the case. The Court finds that Plaintiff must provide a verification page for interrogatories 24 and 25. Further, pursuant to Fed. R. Civ. P. 37(a)(5)(A), Plaintiff is ordered to pay all reasonable expenses incurred by Defendants in making their motion. The Court will not order dismissal of the case as a discovery sanction. *See* Fed. R. Civ. P. 37(b); *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992). Any further failures by Plaintiff to comply with the rules of procedure or orders of this Court could result in further sanctions, up to and including dismissal of the case.

**IT IS THEREFORE ORDERED** that Plaintiff serve a verification page for interrogatories 24 and 25 no later than **December 30, 2016**.

**IT IS FURTHER ORDERED** that Plaintiff pay Defendants' reasonable expenses, including attorney's fees, incurred in making their motion.

**IT IS FURTHER ORDERED** that, by **5:00 p.m. on December 19, 2016,** counsel for Defendants file an affidavit setting out the expenses, including attorney's fees, incurred in

making their motion.  The affidavit must set out the expenses in detail sufficient to allow the Court to determine their reasonableness.  Any objections to the amount or reasonableness of the expenses by Plaintiff are due by **5:00 p.m. on December 23, 2016.**

    **IT IS SO ORDERED.**

                                                             **STEPHAN M. VIDMAR**
                                                             **United States Magistrate Judge**